## THE SUNBEAM.

(Circuit Court of Appeals, Second Circuit. March 26, 1912.)

No. 177.

1. SHIPPING (§ 204*)—LIMITATION OF OWNER'S LIABILITY—VESSELS TO WHICH LIMITATION APPLIES—SCOW.

The owner of a scow, built for the carrying of stone, and which had been so employed, is entitled to limitation of liability for a negligent injury inflicted by her, under Rev. St. § 4289, as amended by Act June 19, 1886, c. 421, § 4, 24 Stat. 80 (U. S. Comp. St. 1901, p. 2945), although she was at the time being used as a derrick boat in unloading other vessels.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 639, 640; Dec. Dig. § 204.*]

2. SHIPPING (§ 209*)—LIMITATION OF OWNER'S LIABILITY—PROCEEDINGS—SURRENDER OF OFFENDING VESSEL.

The fact that the owner of a vessel charged with a negligent injury also owned other vessels employed in connection with such vessel does

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. not require their surrender in a proceeding for limitation of liability, where they are not charged with any fault.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–662; Dec. Dig. § 209.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

3. SHIPPING (§ 86*)—LIABILITY OF VESSEL FOR TORT—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE.

A city inspector of harbor work, rightfully on a scow from which stone was being unloaded by a contractor, and who was killed by a stone dropped on him by a derrick, *held* entitled to notice before the stone was swung over his head, and also *held*, on the evidence, not chargeable with contributory negligence.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 353–360; Dec. Dig. § 86.*]

Ward, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

Petition in admiralty by O'Brien Bros., a corporation, as owner of the scow Sunbeam, for limitation of liability. From the decree, libelant appeals. Affirmed.

This a proceeding commenced by O'Brien Bros., a corporation, owner of the scow Sunbeam, to limit its liability for the alleged negligence of its agents and servants in causing the death of Emil H. Staudinger, an engineer, employed by the city of New York as inspector of the work in which the Sunbeam was being employed. On April 15, 1908, Staudinger was rightfully on the Sunbeam and while there was struck by a large stone, which was being unloaded by the derrick of the Sunbeam, and received injuries which caused his death. The court limited the liability to the value of the scow, which was fixed at $1,525. By consent of both parties the court also heard the issue as to the liability of the Sunbeam for causing Staudinger's death, and found it liable for an amount in excess of $1,525, and directed that the balance of the said fund, after paying costs and disbursements, be paid to the administrator of said Staudinger.

The libelant, O'Brien Bros., appeals, its assignment of errors relating only to the questions of negligence and contributory negligence. The administrator does not appeal, and no assignment of errors is filed by him to present the question whether the Sunbeam was a vessel within the meaning of the statute. The facts are fully stated in the opinion of the District Judge and need not be repeated in detail.

Nadal, Jones & Mowton (Edward P. Mowton, of counsel), for appellant.

Harrington, Bigham & Englar (Howard S. Harrington and D. Roger Englar, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. This case is sui generis in the informality of its presentation, but as neither party has insisted upon any technical objection we will consider the questions argued as properly before us for consideration.

[1] We think the owners of the Sunbeam could properly limit their liability under the statute, as amended by the act of 1886, which relates to all vessels by whatever name they may be known. It includes

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

barges, canal boats, scows and lighters. The Sunbeam was a scow engaged in carrying stone about the harbor of New York and unloading its cargoes, and similar cargoes from other scows, at places where sea walls were being built and riprap work was being done. She had not carried cargo for three years but was capable of doing so, and at the time in question was anchored in the harbor of New York, about 300 feet from the shore at Bay Ridge.

[2] The fact that the Skylight, and Howard, and 12 rowboats and a naphtha launch were also owned by O'Brien Bros., does not make these boats liable or require their owner to surrender them under the limited liability statute. They were guilty of no fault. The sole negligence charged was that of the Sunbeam. No negligence is alleged against the other boats and we are unable to discover any reason for holding them liable. The fact that they were in the immediate vicinity is not enough. They must be shown to be guilty of a fault that caused or contributed to the accident. The W. G. Mason, 142 Fed. 913, 74 C. C. A. 83.

[3] The questions relating to the defendant's negligence and the alleged contributory negligence of Staudinger, the deceased inspector, were submitted at the same time as the question relating to the limitation of the liability, at the suggestion of the trial judge. There is nothing in the record to show this, but it was stated at the bar and not contradicted. Both parties, apparently, agree that all the questions argued are properly before the court.

The District Judge has found that Staudinger was rightfully on the Sunbeam in the discharge of his duties, and was entitled to timely warning before the stone was swung over his head at the end of the boom. We think the evidence warranted this finding and the failure to give the notice was negligence.

O'Brien Bros. recognized this duty at the trial and attempted to show that it had been fulfilled. The engineer engaged in hoisting the stone stated that he and the master of the scow shouted a warning to Staudinger, but on cross-examination he gave the following testimony.

"Q. After the warning was given did you notice Staudinger running? A. No; he didn't have time to run. * * * He seemed to make an effort to step back, but it was too late. Q. So that the warning was given almost instantly before the accident? A. About; yes, sir."

When it is remembered that it was raining at the time and that the deceased had an umbrella over his head, the duty to give him timely warning appears still more imperative. There was other testimony that no warning of any kind was given, but a warning given so late that it allowed the person in danger no chance to escape was, of course, wholly insufficient.

The work being done was dangerous and the deceased, who was rightfully on the scow, was entitled to timely warning that a heavy stone was to swing over his head. Whether such notice was given was a question of fact, and the decision of the trial judge is entitled to the same weight as the verdict of a jury in similar circumstances.

The District Judge also found that O'Brien Bros. failed to prove

contributory negligence on the part of Staudinger, and in this, we think, he was also correct. There is nothing to show that Staudinger did any act, or omitted to do any act, that contributed to the injury. Indeed, we do not find anything which required him to cross the Sunbeam and Skylight on a straight path to the Howard. The fact that he went forward and conversed with the master of the Sunbeam, indicates that he had business to transact with him and, in any view, the presumption is that an inspector employed by the city to measure the stone would, while on the scow, be attending to his duty. The sum of $1,525—the value of the Sunbeam—is, of course, grossly inadequate damages for the death of such a man as Staudinger, but, under the law, this is all the administrator can recover. The owners of the scow have no reason to complain of the amount of the recovery.

The decree should be affirmed with interest and costs.

WARD, Circuit Judge, dissents.