In the Matter of the Claim of AKSEL E. REINHARDT, Respondent, *v.* NEWPORT FLYING SERVICE CORPORATION et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Jurisdiction of Admiralty Court — Workmen's Compensation Law — a hydro-aeroplane is a vessel while afloat upon navigable waters and is subject to admiralty jurisdiction although not subject to such jurisdiction while in air — state industrial commission cannot make an award under Workmen's Compensation Law.**

Vessels in navigable waters are within the jurisdiction of admiralty. Any structure used, or capable of being used, for transportation upon water is a vessel.   A hydro-aeroplane is a vessel while afloat upon

waters capable of navigation, and is subject to the admiralty jurisdiction, because location and function stamp it as a means of water transportation. Hence a person injured while engaged in managing a hydro-aeroplane moored in navigable waters comes within the jurisdiction of admiralty and the state industrial commission cannot pass upon the liability of the employer.

*Matter of Reinhardt* v. *Newport F. S. Corp.*, 197 App. Div. 915, reversed.

(Argued October 6, 1921; decided November 22, 1921.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 22, 1921, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

*T. Carlyle Jones* and *James B. Henney* for appellants. The claimant was, at the time of the accident, engaged in a maritime employment, under a maritime contract, upon navigable waters; jurisdiction over all claims in such cases is reserved by the Constitution of the United States to the federal courts. (*Stewart* v. *Knickerbocker Ice Company*, 253 U. S. 149; *Jensen* v. *Southern Pacific Company*, 244 U. S. 205; *The C. Vanderbilt*, 86 Fed. Rep. 785; *The Seguranca*, 58 Fed. Rep. 908; *The Gilbert Knapp*, 37 Fed. Rep. 209; *The Windermere*, 2 Fed. Rep. 722.) The hydro-aeroplane, when afloat, navigating the waters, is a vessel, and is within the admiralty jurisdiction. (*Crawford Brothers, No. 2*, 215 Fed. Rep. 269; 28 Harvard Law Review, 200; 3 Cal. Law Review, 143.)

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for respondents. The state industrial commission had jurisdiction and was not ousted therefrom by the jurisdiction of the federal courts. (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Crawford Bros. No. 2*, 215 Fed Rep. 269; *The Big Jim*, 61 Fed. Rep. 503; *The Osceola*, 189 U. S. 158; *Chelentis* v. *Luckenbach & Co.*, 247 U. S. 372; *Richardson* v. *Harmon*, 222 U. S. 96.)

CARDOZO, J.   Claimant was employed in the care and management of a hydro-aeroplane, which was moored in navigable waters at Gravesend Bay, Brooklyn.. The plane traveled between Brooklyn, New York, and Miami, Florida.   While moored in these navigable waters, it began to drag anchor and drift toward the beach, where it was in danger of being wrecked.   Claimant waded into the water to turn the plane about, and was struck by the propeller.   The question to be determined is whether he was injured by a vessel.   If he was, the jurisdiction of the admiralty excludes the jurisdiction of the commission (*Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149).   If he was not, employment and injury suffice to justify an award.   The latest of man's devices for locomotion has invaded the navigable waters, the most ancient of his highways.   Riding at anchor is a new craft which would have mystified the Lord High Admiral in the days when he was competing for jurisdiction with Coke and the Courts of Common Law (1 Holdsworth, History of English Law, 321, 322; Mears, Admiralty Jurisdiction, 2 Anglo-American Legal Essays, 354).

We think the craft, though new, is subject, while afloat, to the tribunals of the sea.   Vessels in navigable waters are within the jurisdiction of the admiralty.   Any structure used, or capable of being used, for transportation upon water, is a vessel (U. S. Compiled Statutes, title 1, ch. 1, sec. 3; *Chas. Barnes Co.* v. *One Dredge Boat,* 169 Fed. Rep. 895).   All that remains is to ascertain the uses and capacities of the structure to be classified.   The conclusion might be more dubious if the word " vessel " had been interpreted grudgingly and narrowly.   The fact is that it has been interpreted liberally and broadly. It includes a canal. boat drawn by horses (*The Robert W. Parsons,* 191 U. S. 17, 30); a bathhouse upon floats (*The Public Bath, No. 13,* 61 Fed. Rep. 692); a raft (*The Mary,* 123 Fed. Rep. 609); a scow (*The Sunbeam,* 195 Fed. Rep. 468; *Geo. Leary Const. Co.* v. *Matson,* 272

Fed. Rep. 461); a dredge (*Chas. Barnes Co.* v. *One Dredge Boat, supra; Saylor* v. *Taylor*, 77 Fed. Rep. 476; *Ellis* v. *U. S.*, 206 U. S. 246, 259); a temporarily sunken drillboat (*Eastern S. S. Corp.* v. *Great Lakes D. & D. Co.*, 256 Fed. Rep. 497); anything upon the water where movement is predominant rather than fixity or permanence (*Cope* v. *Vallette Dry Dock Co.*, 119 U. S. 625; *Berton* v. *Tietjen & Lang Dry Dock Co.*, 219 Fed. Rep. 763, 774; *The Mac*, 7 P. D. 126; *The Mudlark,* 1911 P. 116; *The Whitton*, 1896 P. 42, 57, affd., 1897 A. C. 337). A hydro-aeroplane, while in the air, is not subject to the admiralty (*Crawford Bros., No. 2*, 215 Fed. Rep. 269), or so at least we may assume, because it is not then in navigable waters, and navigability is the test of admiralty jurisdiction. A hydro-aeroplane, while afloat upon 'waters capable of navigation, *is* subject to the admiralty, because location and function stamp it as a means of water transportation. Such a plane is, indeed, two things: a seaplane and an aeroplane. To the extent that it is the latter, it is not a vessel, for the medium through which it travels is the air (*Crawford Bros., No. 2, supra*). To the extent that it is the former, it *is* a vessel, for the medium through which it travels is the water. If a seaplane, incapable of flight, breaks its moorings and causes injury to man or ship, there will be a remedy against the offending *res.* If, moving upon the water, it becomes disabled, and is rescued on the high seas by a ship, it will be subject to a lien for salvage. We think the jurisdiction of the admiralty is not less where the structure found afloat is seaplane and aeroplane combined. It is true that the primary function is then movement in the air, and that the function of movement in the water is auxiliary and secondary. That is, indeed, a reason why the jurisdiction of the admiralty should be excluded when the activities proper to the primary function are the occasion of the mischief. It is no reason for the exclusion of jurisdiction when the mischief is traceable to the

function that is auxiliary and secondary. Collision does not cease to be collision and a peril of the sea because the structure is amphibious. We cannot even say that the chance that the peril will be encountered is so remote as to be negligible. The records of the navy department show that there have been times, in transatlantic flights, when planes, abandoning the air, moved for days upon the water. The cause might be lack of fuel or other disability. Even in the absence of such causes, there must always, for at least some space, be movement upon the water before there is ascent into the air. Jurisdiction cannot vary as the distance is short or longer. That would require us to say that the plane by keeping to the water, could transform itself into a vessel, but would leave us helpless to define the point at which transformation would be suffered. From such embarrassments of definition there is but one avenue of escape. It is found in the conclusion that the plane is a vessel, and hence within the jurisdiction of the admiralty, when it is in the fulfilment of its function as a traveler through water, and has put aside its functions and capacities as a traveler through air.

The conclusion to which we are thus led is in accordance with the practice of the government, so far as practice has developed. The treasury department of the United States requires seaplanes or hydroplanes to be registered as vessels. The same department has held that in navigating the water they are subject to the rules of the road. It has also held them to be vessels within the meaning of the Tariff Law (Act of October 3, 1913, sec. 4-J, subds. 5 and 6; Treasury Decision No. 36156). Rulings not dissimilar have been made by the department of commerce. A libel against a hydro-aeroplane has been filed in the United States District Court for the Southern District of New York, and process issued thereon (American Bar Assn., 1921, Report of the Special Committee on the Law of Aviation, pp. 7, 24).

The order of the Appellate Division and the award of the commission should be reversed, and the claim dismissed, with costs against the Industrial Commission in the Appellate Division and in this court.

HISCOCK,. Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.