UNITED STATES v. ONE FAIRCHILD SEA-PLANE et al. (NORTHWEST AIR SERVICE, Inc., Intervener).

No. 13356.

District Court, W. D. Washington, N. D.

July 14, 1933.

---

[1] Provision is made in item 2, section 2, for vessels remaining after twenty days.

Anthony Savage, U. S. Atty., and Thomas E. De Wolfe, Asst. U. S. Atty., both of Seattle, Wash.

John F. Evich and Dykeman, Monheimer & Griffin, all of Seattle, Wash., for intervening libelant Northwest Air Service, Inc.

George Olson and W. M. Whitney, both of Seattle, Wash., for claimant Frank Dorbandt.

Revelle, Simon & Coles, of Seattle, Wash., for claimant Max Herskovits.

CUSHMAN, District Judge (after stating the facts as above).

The sections of the Tariff Act of 1930 (sections 454, 459), to which reference is made in the libel, are as follows:

Title 19 USCA, § 1454:

*"Unlading of Passengers—Penalty.* If any passenger is unladen from any vessel or vehicle without a special license or permit therefor issued by the collector, the master of such vessel or the person in charge of such vehicle and every other person who knowingly is concerned, or who aids therein, shall each be liable to a penalty of $500 for each such passenger so unladen. (June 17, 1930, c. 497, Title IV, § 454, 46 Stat. 716.)"

Title 19 USCA, § 1459:

*"Contiguous Countries—Report and Manifest.* The master of any vessel of less than five net tons carrying merchandise and the person in charge of any vehicle arriving in the United States from contiguous country, shall immediately report his arrival to the customs officer at the port of entry or customhouse which shall be nearest to the place at which such vessel or vehicle shall cross the boundary line or shall enter the territorial waters of the United States, and if such vessel or vehicle have on board any merchandise, shall produce to such customs officer a manifest as required by law, and no such vessel or vehicle shall proceed farther inland nor shall discharge or land any merchandise, passengers, or baggage without receiving a permit therefor from such customs officer.

The master of any such vessel, or the person in charge of any such vehicle who fails to report arrival in the United States as required by the provisions of this section shall be subject to a fine of $100 for each offense. If any merchandise or baggage is unladen or discharged from any such vessel or vehicle without a permit therefor, the same, together with the vessel or vehicle in which imported, shall be subject to forfeiture; and if any passenger is unladen or discharged from any such vessel or vehicle without a permit therefor the master of such vessel or the person in charge of such vehicle shall be liable to a penalty of $500 for each such passenger so unladen or discharged. (June 17, 1930, c. 497, Title IV, § 459, 46 Stat. 717.)"

The provisions of the Air Commerce Act of 1926, sections 7 (b), 8, 11 (b, c), pertinent to the present suit, are:

Title 49 USCA, § 177:

*"Application of Existing Laws Relating to Foreign Commerce.* \* \* \*

"(b) *Designation of Ports of Entry; Detail of Officers; Application of Customs and Public Health Laws.*

"The Secretary of the Treasury is authorized to (1) designate places in the United States as ports of entry for civil aircraft arriving in the United States from any place outside thereof \* \* \* and (3) by regulation to provide for the application to civil air navigation of the laws and regulations relating to the administration of the customs and public health laws to such extent and upon such conditions as he deems necessary. \* \* \* (May 20, 1926, c. 344, § 7, 44 Stat. 572.)"

Title 49 USCA, § 181:

*"Offenses; Penalties.* \* \* \*

"(b) *Further Violations of Law; Penalties Imposable, Remission or Mitigation; Lien; Collection; Libel Proceedings.*—Any person who (1) violates \* \* \* any entry or clearance regulation made under section 177 of this chapter, or (2) any customs \* \* \* regulation made under such section, \* \* \* shall be subject to a civil penalty of $500. \* \* \* In case the violation is by the owner or person in command of the aircraft, the penalty shall be a lien against the aircraft. Any civil penalty imposed under this section may be collected by proceedings in personam against the person subject to the penalty and/or in case the penalty is a lien, by proceedings in rem against the aircraft. Such proceedings shall conform as nearly as may be to civil suits in admiralty; except

that either party may demand trial by jury of any issue of fact, if the value in controversy exceeds $20, and facts so tried shall not be reexamined other than in accordance with the rules of the common law. The fact that in a libel in rem the seizure is made at a place not upon the high seas or navigable waters of the United States, shall not be held in any way to limit the requirement of the conformity of the proceedings to civil suits in rem in admiralty. * * *

"(c) *Seizure Under Lien; Enforcement; Release.*—Any aircraft subject to a lien for any civil penalty imposed under this section may be summarily seized by and placed in the custody of such persons as the appropriate Secretary may by regulation prescribe and a report of the case thereupon transmitted to the United States attorney for the judicial district in which the seizure is made. The United States attorney shall promptly institute proceedings for the enforcement of the lien or notify the Secretary of his failure so to act. * * * (May 20, 1926, c. 344, § 11, 44 Stat. 574.)"

Title 49 USCA, § 178:

"*Powers of Secretary of Commerce; Regulations; Expenditures; Publication of Bulletin; Acquisition and Operation of Aircraft, etc.*

"Except as otherwise specifically provided, the Secretary of Commerce shall administer the provisions of this subchapter and for such purpose is authorized (1) to make such regulations as are necessary to execute the functions vested in him by this subchapter. * * * (May 20, 1926, c. 344, § 8, 44 Stat. 573.)"

The articles of the Customs Regulations of 1931 to which the libel refers are as follows:

"Art. 244. Landing at Airports of Entry —Requirement.

"Except in the case of forced landings aircraft arriving in the United States from any foreign port or place shall make the first landing at an airport of entry, unless permission to land elsewhere than at an airport of entry is first obtained from the Commissioner of Customs, and in such cases the owner or person in charge of the aircraft shall pay the additional expenses, if any, incurred in inspecting the aircraft, merchandise, passengers, and baggage carried therein.

"Art. 245. Advance Notice of Arrival.

"The person in charge of any aircraft about to depart for the United States from a foreign port or place shall give notice of the intended flight to the collector of customs for the district in which is situated the intended place of first landing in the United States. Such notice shall specify the type of aircraft, the markings thereon, the name of the person in charge, the intended landing place and the estimated time of arrival, and shall be sent in sufficient time and by such means as to enable the officer designated to inspect the aircraft to reach the landing field prior to the arrival of the aircraft. Except in the case of a forced landing, no aircraft from a foreign port or place shall land in the United States unless notice shall have been sent in accordance with this article, nor make its first landing in the United States at any place other than that specified in such notice. Such advance notice will not be required in the case of an aircraft making a flight in accordance with a regular schedule filed with the collector for each district in which a landing is to be made.

"Art. 246. Report of Arrival—Manifest.

"The person in charge of any aircraft arriving from a foreign port or place shall immediately report his arrival to the customs officer at the airport of entry or other place of first landing in the United States, and, if such aircraft shall have on board any merchandise or baggage, or, in the case of an aircraft of the United States, shall have been repaired abroad, the person in charge shall produce to such customs officer a manifest in duplicate on customs Form 7533, signed by such person under oath as to the truth of the statements therein contained, one copy of which shall be immediately forwarded to the comptroller. Customs Form 5119 may be used if the merchandise does not exceed $100 in value. No such aircraft shall, without receiving permission therefor from such customs officer, depart from the airport or other place of first landing, or discharge any merchandise, passengers or baggage."

(The foregoing section was amended in 1932, but in a manner not affecting any question at present apparent in this cause.)

"Art. 254. Penalties. The appropriate penalties applicable in the case of vehicles arriving from contiguous foreign territory shall be assessed for violations of the customs regulations involving aircraft from any foreign country, except that when the regulation violated is peculiar to aircraft, such as that requiring the first landing to be made at a customs airport of entry, or that requiring advance notice of arrival, the penalty of $500 prescribed by section 11 of the air commerce act of 1926 shall be imposed."

The jurisdiction of the court over the res under the libel of the United States being unquestioned, other courts are without jurisdiction to entertain the complaint of the intervening libelant, and therefore, whatever the nature of its claim against the res, it must be asserted in this cause. It is not necessary in advance to settle the form of the decree in case intervening libelant should prevail.

Libelant's exceptions to the amended intervening libel will be overruled.

The clerk is directed to notify the attorneys for the parties appearing of this decision.