## UNITED STATES v. NORTHWEST AIR SERVICE, Inc. *

No. 7646.

Circuit Court of Appeals, Ninth Circuit.

Dec. 20, 1935.

J. Charles Dennis, U. S. Atty., and John Ambler, Asst. U. S. Atty., both of Seattle, Wash., for appellant.

Melville Monheimer and Van C. Griffin, both of Seattle, Wash., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

The United States filed its libel in rem against one Fairchild Seaplane, No. NC 142 H, to recover penalties aggregating $2,100 assessed by the Secretary of the Treasury for violations of sections 7 (b) and 11 (b) of the Air Commerce Act of 1926, c. 344, 44 Stat. 572, 574, 49 U.S.C.A. §§ 177 (b), 181 (b); sections 454 and 459 of the Tariff Act of 1930, c. 497, 46 Stat. 716, 717, 19 U.S.C.A. §§ 1454, 1459; and articles 244, 245, 246, and 254 of the Customs Regulations of 1931, and to enforce its lien for said penalties. Appellee filed an intervening libel, claiming a lien in the sum of $1,268.72 for making repairs to said seaplane, and prayed that its lien be declared prior and superior to that of the United States. The District Court awarded the penalties prayed for by the United States, but held its lien to be inferior to that of appellee. The United States has appealed.

The facts are not in dispute. The violations for which the penalties were awarded occurred on July 26, 1932. Thereafter, on the same day, the seaplane which committed these violations was "landed" on the waters of Lake Washington, which are a part of the navigable waters of Puget Sound, in the Western District of Washington. Later, on the same day, it was removed from the water and placed in an airplane hangar situated on the shore of the lake. Its motor was removed and sent to appellee's shop at Boeing Field, in the city of Seattle, for overhauling and repair. Repairs were also made to the pontoons. While these repairs were being made, and before they were completed, the seaplane was seized by customs officers of the United States for the violations above referred to.

That the United States has a lien for the penalties awarded it is not dis-

*Rehearing denied Jan. 27, 1936.

puted, nor is it disputed that appellee has a lien for the repairs which it made. The question is one of priority. It is conceded, as it must be, that, generally speaking, a penalty lien in favor of the United States is paramount to other liens. United States v. Batre (C.C.A.9) 69 F.(2d) 673, 675. Appellee contends, however, that the seaplane here in question was a vessel within the maritime jurisdiction of the United States; that appellee's lien for repairs is, therefore, a maritime lien; and that, being such, it is superior to the penalty lien of the United States.

This contention, which the District Court upheld, must be rejected. Although a seaplane, while afloat on navigable waters of the United States, may be a vessel within the admiralty jurisdiction (Reinhardt v. Newport Flying Service Corporation, 232 N.Y. 115, 133 N.E. 371, 18 A.L.R. 1324), it is not such a vessel while stored in a hangar, on dry land, with its engine in a shop, also on dry land, undergoing repairs, nor does the making of such repairs create a maritime lien (The Crawford Bros. No. 2 [D.C.W.D.Wash.] 215 F. 269, 271).

Since appellee has no maritime lien, it is unnecessary to decide whether such a lien, if it existed, would outrank the penalty lien of the United States. Appellee's lien is no better than a lien against an ordinary airplane. Such a lien is inferior to the penalty lien here involved. United States v. Batre, supra.

The decree is reversed and the case is remanded, with directions to enter a decree granting priority to the lien of the United States.