**NOAKES v. IMPERIAL AIRWAYS, Limited, et al.**

District Court, S. D. New York.

July 26, 1939.

Lloyd, Decker, Williams & Knauth, of New York City (Arnold W. Knauth, of New York City, of counsel), for libelant.

Haight, Griffin, Deming & Gardner, of New York City (Donald Havens and David L. Corbin, both of New York City, of counsel), for respondent Imperial Airways (Bermuda), Limited.

GODDARD, District Judge.

Exceptions by libelant to the answer of the respondent, Imperial Airways (Bermuda) Ltd.

Libelant's Exception No. 1 presents the question whether the owner of the airplane Cavalier is entitled to limit liability under R.S. §§ 4283–4289, 46 U.S.C. § 183 et seq., 46 U.S.C.A. § 183 et seq.

The libel was filed by the libelant as Executrix to recover damages for the death of her husband who was a passenger on a regularly scheduled flight from New York to Bermuda in the airplane Cavalier which fell into the sea on January 21, 1939, when about half way between New York and Bermuda, broke to pieces and sank, resulting in the death of two passengers, including the libelant's husband, Mr. Noakes.

Respondent contends that the Cavalier, which is alleged to have been of the seaplane type and was designed so as to arise and alight upon the surface of the water, was a "vessel" within the definition of R.S. § 3, 1 U.S.C. § 3, 1 U.S.C.A. § 3, and therefore entitled to the benefit of the Limitation of Liability Statutes. With this contention I cannot agree. The primary purpose and function of the Cavalier was to travel through the air. It was practically incapable of being used as a means of transportation on water, although its construction enabled it to embark on its journey from the sea and to alight on the water when it had reached its destination, but this was purely incidental to its flight through the air. It does not appear that it ever functioned as a "vessel". It seems to me that the Cavalier in the progress of her flight through the air as she was at the time the occurrence complained of is alleged to have taken place, cannot reasonably be classified as a "vessel" such as the statutes and laws relating to vessels are intended to include. The trend of the statutes and the courts is to treat aviation as

sui generis. It is a subject which can best be dealt with by legislation.

If seaplanes are legally classified as "vessels", then they are subject to many of the steamboat and motorboat statutes excepting, of course, such statutes and laws which apply solely to foreign commerce by sea; that they are subject to these provisions is, I believe, opposed to general opinion and custom.

In Reinhardt v. Newport Flying Service Corporation, 232 N.Y. 115, 116, 133 N.E. 371, 18 A.L.R. 1324, Judge Cardozo, writing for the New York Court of Appeals, said respecting a hydro-aeroplane which while moored in navigable waters began to draw its anchor and drift toward the beach: "We think the craft, though new, is subject, while afloat, to the tribunals of the sea. * * * A hydroaeroplane, while in the air, is not subject to the admiralty (The Crawford Bros. No. 2, D.C., 215 F. 269), or so at least we may assume, because it is not then in navigable waters, and navigability is the test of admiralty jurisdiction. A hydroaeroplane, while afloat upon waters capable of navigation, is subject to the admiralty, because location and function stamp it as a means of water transportation. * * * It is true that the primary function is then movement in the air, and that the function of movement in the water is auxiliary and secondary. That is, indeed, a reason why the jurisdiction of the admiralty should be excluded when the activities proper to the primary function are the occasion of the mischief." 232 N.Y. at pages 117 and 118, 133 N.E. at page 372, 18 A.L.R. 1324.

According to the views expressed by Judge Cardozo while a seaplane anchored on or afloat on navigable waters is subject to the laws of the sea, when such seaplane is navigating through the air on a regular passage between points over sea or land, it is not then to be treated as a "vessel" within the admiralty jurisdiction.

In United States v. Northwest Air Service, Inc., 9 Cir., 80 F.2d 804, where an engine repairman was seeking to obtain a maritime lien, the court said that a seaplane whether or not a vessel when afloat on navigable waters, was not a vessel when stored in a hangar or on dry land with its engine in a shop on dry land and that there could be no maritime lien.

There is nothing in the Civil Aeronautics Act, 49 U.S.C. § 401 et seq., 49 U.S.C.A. § 401 et seq., or in its definition "air-

craft" as a contrivance used or designed for navigating through the air, to suggest that Congress had ever intended that the word "vessel" in R.S. § 3, 1 U.S.C. § 3, 1 U.S.C.A. § 3, when applied to craft adapted for transportation through navigable water also included aircraft.

As recently as 1935 and 1936 when Congress radically revised R.S. § 4283, 46 U.S.C.A. § 183, and its related statutes, the entire record was devoted to ships and shipping. No reference appears as to aviation and airplanes.

In my opinion the Cavalier, while flying to Bermuda, may not be classified as a "vessel" within the meaning of R.S. § 3, 1 U.S.C. § 3, 1 U.S.C.A. § 3, and the Limitation of Liability Statutes R.S. §§ 4283–4289, 46 U.S.C. § 183 et seq., 46 U.S.C.A. § 183 et seq., do not apply. This is in accord with the decision of Judge Hulbert in Dollins v. Pan-American Grace Airways, Inc., D.C., 27 F.Supp. 487, holding that a seaplane is not a "vessel" within the meaning of the statute limiting the liability of the owner of the vessel; see also The Crawford Bros. No. 2, D.C., 215 F. 269.

Libelant's Exception No. 1 to respondent's answer is sustained.

Libelant's Exceptions Nos. 2, 3, 4, and 5 are sustained with leave to the respondent to serve and file an amended answer within twenty days. Settle order on notice.