In the Matter of the Claim of REGINA C. DIMINO, Appellant, against INDEPENDENT WAREHOUSES, INC., Respondent. STATE INDUSTRIAL BOARD, Appellant.

Argued November 14, 1940; decided December 31, 1940.

*William L. F. Gardiner* for claimant, appellant.

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum, Joseph A. McLaughlin* and *Isaac Frank* of counsel), for State Industrial Board, appellant.

*John Ross Lauer* and *David J. Mountan, Jr.,* for respondent.

LOUGHRAN, J.  Joseph Dimino was employed by Independent Warehouses, Inc., as superintendent of its pier at East river and Twentieth street, Manhattan, city of New York.  While so employed, he fell into one of the hatchways of a vessel that was being unloaded at the pier and suffered fatal injuries.  Awards were made to his dependents under the Workmen's Compensation Law (Cons. Laws, ch. 67).  The Appellate Division reversed and dismissed the claims, holding that when Dimino was hurt he was engaged in a maritime service on navigable waters and that the State Industrial Board had no jurisdiction.

"What work has direct relation to navigation or commerce must, of course, be determined in view of surrounding circumstances as cases arise." (*Baizley Iron Works* v. *Span*, 281 U. S. 222, 230.)  As outlined to the referee by counsel for the employer, the circumstances surrounding Dimino's fatal injuries were these: " Joseph Dimino was employed by the employer, Independent Warehouses, as pier superintendent of pier 68 East River.  Each week a ship would arrive at this pier with newsprint rolls destined for various newspapers in the city   Before the ship arrived Mr. Dimino would receive a plan of the ship showing the location of the newsprint rolls on the ship and also giving him size, weight and other details regarding these rolls and then Mr. Dimino would be acquainted with the names to whom deliveries are to be made of the rolls of newspaper from this ship and then he would get in touch with the stevedoring com-

pany and tell them how many stevedores he wanted to unload the ship and the unloading was done by the stevedores. He told them in what order the hatches were going to be opened and what order rolls were to be taken out of the ship. * * * Mr. Dimino frequently was obliged to get on board of ship, whenever there was a delay in unloading; he always went on board to find out cause of the delay. He often went on the ship to find out where the different newsprint rolls were and also what their position in the hatches were so he could see where the rolls could be unloaded best. While in the ship he fell down a hatch while looking for the position of certain rolls on that ship." The ship upon which Dimino was hurt was not owned by his employer. The Board found that " Joseph Dimino had no direct supervision or control of the stevedores and the loading and unloading of freight from the ship was performed by another independent stevedoring employer." Concededly this finding is sustained by the evidence. There is nothing in the record to show that the information sought by Dimino upon the ship was not available on shore.

In *Grant Smith-Porter Ship Co.* v. *Rohde* (257 U. S. 469) a workman employed generally as a carpenter was injured while engaged in construction work on a nearly completed ship that was lying in navigable waters of the United States in Oregon. The court held that the Oregon Compensation Law applied and said: " Here the parties contracted with reference to the State statute; their rights and liabilities had no direct relation to navigation, and the application of the local law cannot materially affect any rules of the sea whose uniformity is essential " (p. 477). In *Millers' Indemnity Underwriters* v. *Braud* (270 U. S. 59) the plaintiff's intestate, while employed as a diver by a ship-building company, submerged himself from a floating barge anchored in a navigable river in Texas thirty-five feet from the bank, for the purpose of sawing off timbers of an abandoned set of ways, once used for launching ships, which had become an obstruction to navigation. While he was thus submerged

the air supply failed and he died of suffocation. The court held that the rights of the parties were determined by the Texas Compensation Law and said: " In the cause now under consideration the record discloses facts sufficient to show a maritime tort to which the general admiralty jurisdiction would extend save for the provisions of the State Compensation Act; but the matter is of mere local concern and its regulation by the State will work no material prejudice to any characteristic feature of the general maritime law " (pp. 64, 65).

*Rosengrant* v. *Havard* (273 U. S. 664) was decided upon the authority of the two cases above set forth. The *Rosengrant* case was this: A lumber inspector, in the course of his employment by a lumber manufacturer, went upon a schooner lying in navigable waters near his employer's mill and was hurt while he was there temporarily engaged in checking a cargo of lumber then being discharged from a barge lying in navigable waters and alongside a wharf. On the ground that the contract of employment had no relation to navigation and was non-maritime, the State court allowed recovery for the employee's injuries under the local compensation law and its judgment was affirmed. (See 281 U. S. at p. 232.)

We think the foregoing decisions of the highest court of the nation rule the case in hand and sanction the conclusion of the State Industrial Board that, " At the time the said Joseph Dimino sustained the accidental injuries which resulted in his death, he was not engaged in performing any work of a maritime character or nature and said work bore no relation to navigation but was a matter of local concern." (Cf. *Matter of Newham* v. *Chile Exploration Co.*, 232 N. Y. 37.)

The order of the Appellate Division should be reversed, and the award of the State Industrial Board affirmed, with one bill of costs in this court and in the Appellate Division to the appellants.

FINCH, RIPPEY, SEARS and LEWIS, JJ., concur; LEHMAN, Ch. J., and CONWAY, J., dissent.

Ordered accordingly.