In the Matter of the Claim of ROSE CHITUK HAWKINS, Respondent, against OLIVER RAYNOR and THE ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from a decision of the State Industrial Board which rescinded a previous decision disallowing the claim of the widow and child of Marshall W. Hawkins. The appeal is taken from an award payable in part to the widow and dependent child and the Aggregate Trust Fund. The employer owned and operated a garage and automobile service station at Eastport, Long Island, N. Y. His place of business was close to a bay with water about two feet in depth where motor boats were moored and at times the mechanics employed in the garage did work upon motor boats both by bringing engines and other parts needing repair to the shop and by going down to the dock to work on the engines of the boats. This work was incidental to the work of the garage. The deceased's contract was for land employment. On the day in question a high wind had arisen and the motor boat belonging to the employer was knocking against the dock. The employer and the deceased went to the boat to install some batteries and after the batteries were installed they started the engine and took the boat away from the dock a few feet to protect it from injury. The wind increased in volume to a hurricane and as the result both the employer and the employee were drowned. The evidence is that the employee had worked in the garage for between four and five years and only incidentally worked on boats but did generally the ordinary work of a service station employee and garage mechanic. This was an inlet where the change in tide was not more than eight inches to one foot and it did not contain over two feet of water. The boat on which the employee was at the time he lost his life was a private boat belonging to his employer. The work that he was doing was incidental to his duties and he was a land employee. The insurance company knew the kind of work, they had inquired about it, they collected premiums on the policy covering work on and off the premises. The award should be affirmed, with costs to the State Industrial Board. Award affirmed, with costs to the State Industrial Board. (Matter of Dimino v. Independent Warehouses, Inc., 284 N. Y. 481; State Industrial Board v. Terry & Tench Co., Inc., 273 U. S. 639; Millers' Indemnity Underwriters v. Braud, 270 id. 59; Rosengrant v. Havard, 273 id. 664.) Crapser, Bliss, Heffernan and Foster, JJ., concur; Hill, P. J., dissents upon the following grounds: Claimant was drowned while engaged in navigating his employer's gasoline launch. It was thirty-five feet long with appropriate beam, and a draft of two feet. Its burden was six and one-half tons. The boat was capsized on September 21, 1938, during an unusually severe storm. The boat ordinarily was moored about 150 feet away from the dock at Seatuck Cove, an arm of the ocean, and from which it could be navigated through Moriches Bay and Great South Bay into the Atlantic Ocean. According to the findings, claimant was employed as a mechanic at a garage located at Eastport, L. I. The business included not only the repair of automobiles but also " the repair of small

privately owned pleasure boats and the engines thereof, the said work on or in connection with said boats being performed either at the garage itself or upon the boats moored at or near a small dock located at the dead end of Seatuck Cove." It is found, also, that Seatuck Cove was non-navigable. There is no evidence to sustain such finding. The ocean is navigable to the water's edge. The ebb and flow of the tide was about one foot at this Cove. Claimant, while working upon the craft in the water, was in a maritime employment and not within the jurisdiction of the New York State Workmen's Compensation Law. (*Spencer Kellogg & Sons, Inc.,* v. *Hicks,* 285 U. S. 502; *London Guarantee & Accident Co., Ltd.,* v. *Industrial Accident Commission,* 279 id. 109; *Southern Pacific Co.* v. *Jensen,* 244 id. 205; *Matter of Reinhardt* v. *Newport Flying Service Corp.,* 232 N. Y. 115.) I vote to reverse the award and dismiss the claim.

In the Matter of the Claim of Mrs. J. RANDOLPHO FLUDD, Respondent, against ALBERT J. DEMPS and THE ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of ALBERT WILLIS, Respondent, against PETER TOWER and MOLLIE TOWER and ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.