# UNITED STATES v. PEOPLES.

## No. 27983.

District Court, N. D. California, S. D.

June 18, 1943.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for plaintiff.

James O'Connor, of San Francisco, Cal., for defendant.

ROCHE, District Judge.

Defendant is charged, by information, with a violation of 18 U.S.C.A. § 469, making it a misdemeanor for "Any person, without the consent of the owner, charterer, or master of any vessel and with intent to obtain, without paying therefor, transportation on such vessel to any place, within or without the United States, who shall board, enter, or secrete himself aboard such vessel, and shall be thereon at the time of departure of said vessel from a port, harbor, wharf, or other place within the jurisdiction of the United States, including the Canal Zone, or who, having boarded, entered, or secreted himself aboard such vessel in any place within or without the jurisdiction of the United States, shall remain aboard any such vessel after such vessel has left such place and who shall be found thereon at or before the time of arrival of such vessel at any place within the jurisdiction of the United States, * * * shall be guilty of a misdemeanor and shall be liable to a fine not exceeding $500 or imprisonment for a period not exceeding one year, or both, in the discretion of the court. June 11, 1940, c. 326, § 1, 54 Stat. 306."

"Vessel" is defined in 1 U.S.C.A. § 3 as "including every description of water craft or other artificial contrivance used, or capable of being used, as a means of transportation on water."

The acts charged as a violation are that " * * * said defendant, on or about the 16th day of May, 1943, having boarded, entered and secreted himself aboard the Naval Air Transport PB 2 Y 3, within the jurisdiction of the United States at Honolulu, Territory of Hawaii, without the consent of the owner thereof, with intent to obtain, without paying therefor, transportation on such Naval Air Transport from Honolulu to Alameda, California, wilfully, unlawfully and knowingly did remain on board such Naval Air Transport after such Naval Air Transport left Honolulu until found on the 16th day of May, 1943, and before the time of arrival of such Naval Air Transport at Alameda, California, on May 17, 1943, a place within' the jurisdiction of the above entitled court."

Defendant has demurred to the information on the ground that no offense within the meaning of 18 U.S.C.A. § 469 is stated and in support of his demurrer argues that a seaplane is not a "vessel".

■ While this point appears not to have been raised before under the criminal statute it has been raised in civil actions and the weight of authority holds that the term "vessel" does not include a seaplane. The most persuasive authority to the contrary is Reinhardt v. Newport Flying Service Corporation, 232 N.Y. 115, 133 N.E. 371, 18 A.L.R. 1324, decided by the New York Court of Appeals in 1921. This was an appeal from an award made to plaintiff, as claimant, under the Workmen's Compensation Law. Plaintiff had been employed in the care and management of a hydroplane operating between New York and Miami, Florida. While moored in the navigable waters of New York Harbor the craft dragged anchor and drifted toward the beach where it was in danger of being wrecked. Reinhardt waded into the water to turn the plane about and was struck and injured by one of the propellers. The court, in an opinion by Judge Cardozo, reversed the award on the ground that a hydroplane, while afloat upon waters capable of navigation, is subject to the admiralty, because location and function stamp it as a means of water transportation.

Since that decision, however, Congress has passed two acts devoted entirely to aircraft—the Air Commerce Act of 1926, 49 U.S.C.A. § 171 et seq., and the new Civil Aeronautics Act 49 U.S.C.A. § 401 et seq. —and by terms has provided that "The navigation and shipping laws of the United States, including any definition of 'vessel' or 'vehicle' found therein and including the rules for the prevention of collisions, shall not be construed to apply to seaplanes or other aircraft or to the navigation of vessels in relation to seaplanes or other aircraft." 49 U.S.C.A. § 177. With this in mind, and following the trend of both statutes and courts to treat aviation as a subject to be dealt with by legislation, the District Court for New York has held that a seaplane is not a "vessel" within the meaning of 1 U.S.C.A. § 3. In Noakes v. Imperial Airways, Ltd., D.C.1939, 29 F. Supp. 412, 413, an action for damages for death resulting from a seaplane's crashing into the sea, the court held that the limitation of liability statute was not available to the owner and in the course of the opinion said:

"The primary purpose and function of the Cavalier was to travel through the air. It was practically incapable of being used as a means of transportation on water, although its construction enabled it to embark on its journey from the sea and to alight on the water when it had reached its destination, but this was purely incidental to its flight through the air. It does not appear that it ever functioned as a 'vessel'.
* * *

"There is nothing in the Civil Aeronautics Act, 49 U.S.C.A. § 401 et seq., or in its definition 'aircraft' as a contrivance used or designed for navigating through the air, to suggest that Congress had ever intended that the word 'vessel' in 1 U.S.C.A. § 3, when applied to craft adapted for transportation through navigable water also included aircraft."

To the same effect see Dollins v. Pan-American Grace Airways, Inc., D.C., 27 F. Supp. 487.

In 1935 the Ninth Circuit Court of Appeals, in United States v. Northwest Air Service, 80 F.2d 804, held that a seaplane is not a vessel within the admiralty jurisdiction while stored in a hangar, on dry land, undergoing repairs and that the making of such repairs does not create a maritime lien.

■■ Ordinarily words in a statute are given their usual and customary meaning. When 18 U.S.C.A. § 469 was being considered by Congress in June of 1940 it was apparent that the courts were tending to construe the word "vessel" in the ordinary sense of a craft or contrivance whose primary purpose is operation on water and that so construed it would not include a seaplane. The brief discussion preceding passage of this bill by the House indicates that the legislators likewise construed the term in such ordinary sense since the word "ship" is used throughout and there is nothing to show that they had aircraft, as well, in mind. Further evidence that "vessel", as defined in 1 U.S.C.A. § 3, is not broad enough to include aircraft may be found in the fact that in 1941 Congress amended 34 U.S.C.A. § 1131, relating to captures of vessels made as prize, to provide that, as used in that chapter, "vessel" and "ship" should include aircraft and "master" should include the pilot or other person in command of such aircraft.

■ It is elementary that a criminal statute should be strictly construed and terms used therein should not be given a broader meaning than is clearly warranted. In McBoyle v. United States, 1931, 283 U. S. 25, 51 S.Ct. 340, 341, 75 L.Ed. 816,

wherein an airplane was held not to be a "vehicle" within the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, Mr. Justice Holmes said: "Although it is not likely that a criminal will carefully consider the text of the law before he murders or steals, it is reasonable that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear. When a rule of conduct is laid down in words that evoke in the common mind only the picture of vehicles moving on land, the statute should not be extended to aircraft simply because it may seem to us that a similar policy applies, or upon the speculation that, if the legislature had thought of it, very likely broader words would have been used."

So here. If Congress wishes to make stowing away on a seaplane a crime, it can so provide, but that is a matter for the legislators and not the court.

The demurrer is sustained.