**GDYNIA–AMERICA SHIPPING LINES, Limited v. LAMBROS SEA-PLANE BASE, Inc.**

United States District Court
S. D. New York.

July 15, 1953.

Haight, Deming, Gardner, Poor & Havens, New York City, Charles S. Haight and Richard G. Ashworth, New York City, of counsel, for cross-libelant.

Purdy, Lamb & Catoggio, New York City, Vincent A. Catoggio, New York City, for cross-respondent.

McGOHEY, District Judge.

Exceptions have been filed by the libelant seeking to dismiss the respondent's cross-libel.

The facts as alleged in the cross-libel, which must be accepted as true for present purposes, are these: On August 8, 1950, the m/s Batory, owned by Gdynia-America Shipping Lines, Ltd., was proceeding at sea on a voyage from New York to Southampton, England. When the ship was about 14 miles south of Fire Island, a Piper seaplane, owned by

Lambros Seaplane Base, Inc., repeatedly circled it, making urgent signals for assistance. The plane landed near the ship which then came to a stop. The pilot, who was the sole occupant of the plane, requested and was allowed to come aboard, where he asked to stay because the plane had no compass and was out of gas. The plane was "in a helpless condition and in imminent danger of becoming a total loss"; it was "unable to reach shore safely and had been abandoned by its pilot who had lost his orientation." The Master of the Batory brought the plane aboard "rather than leave it floating unattended on the open sea." Upon reaching Southampton, the plane was placed in the custody of H. M. Receiver of Wrecks, in accordance with British law, to await claim by the true owner.

The plane owner filed a libel against the ship owner seeking recovery for alleged conversion of the plane. The cross-libel is a suit in personam against the plane owner seeking payment for the salvage services rendered to the plane.

Libelant asserts that the cross-libel fails to state a claim for which relief can be granted; that if the cross-libelant rendered any service to the plane it was unauthorized by its owner and that this Court lacks jurisdiction over the res and over the libelant, as cross-respondent. I think the exceptions must be overruled.

The libelant's chief contention on oral argument was that a seaplane is not a proper subject of salvage. While no Federal Court decision has been cited or found holding that a seaplane is a vessel for purposes of salvage, I entertain no doubt that it is. The U.S.Code Annotated[1] defines the word vessel as including "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." A seaplane surely comes within this definition which has been held to include a canal boat drawn by horses,[2] a floating dredge,[3] a

1. 1 U.S.C.A. § 3.

2. The Robert W. Parsons, 191 U.S. 17, 29–33, 24 S.Ct. 8, 48 L.Ed. 73.

3. Ellis v. U. S., 206 U.S. 246, 249, 27 S.Ct. 600, 51 L.Ed. 1047.

scow,[4] a bath house built on boats,[5] a raft[6] and a floating fish net.[7] And New York's Court of Appeals has held a "hydroaeroplane" to be a vessel.[8] This is consistent with the principle of salvage awards which is to give an incentive to seamen to risk their own safety and expend their own time and energy to undertake to save life and property from loss at sea. The respondent certainly performed a valuable salvage service and its claim is one for which relief can be granted.

■ Libelant further contends that a suit in personam will not lie since the services were done to the res without authority of its owner and the res is not within the jurisdiction. I disagree. Under former Rule 19 of the Admiralty Rules which allowed a suit in personam against "the party at whose request and for whose benefit the salvage service has been performed",[9] the Supreme Court held[10] that a suit in personam would lie though the res was not within the jurisdiction and there was no authority from the party benefited to perform the salvage services. The present rule,[11] superseding Rule 19, is broader and allows a suit "in personam against any party liable for the salvage service."

■ The contention that the Court lacks jurisdiction over the libelant, as cross-respondent, is also without merit. Though the libelant is a New Jersey corporation, by filing its libel here it placed itself within the jurisdiction of this court for the purposes of a cross-libel. Admiralty Rule 16 of the United States District Court Rules for the Southern District of New York provides " * * * In any case where a cross-libel in personam will lie, service of such cross-libel may be made on the proctors for the libelant."

The exceptions are overruled. Libelant is directed to answer the cross-libel within twenty days or stand in default.

4. The Sunbeam, 2 Cir., 195 F. 468.

5. The Public Bath D.C.S.D.N.Y., 61 F. 692.

6. The Mary, 5 Cir., 123 F. 609.

7. Colby v. Todd Packing Co., D.C., 77 F. Supp. 956.

8. Reinhardt v. Newport Flying Service Corp., 232 N.Y. 115, 133 N.E. 371, 18 A.L.R. 1324.

9. See Historical Note, Admiralty Rule 18, 28 U.S.C.A.

10. U. S. v. Cornell Steamboat Co., 202 U. S. 184, 194, 26 S.Ct. 648, 50 L.Ed. 987.

11. Admiralty Rule 18, 28 U.S.C.A.